# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD SCHONBACHLER,

    Plaintiff,

v.

KAROL WESTERN CORPORATION, *et al.*,

    Defendants.

Case No. 2:08-cv-1157-LDG (GWF)

**ORDER**

The plaintiff, Richard Schonbachler, alleges that defendants, Karol Western Corporation, Anthony Zoss, and Gary Zoss, terminated him from his employment with Karol Western because of his age and his disability. The defendants now move for summary judgment (#69) on Schonbachler's federal and state employment discrimination claims.[1] Schonbachler has filed an opposition (#74). Having considered the pleadings, papers, and

---

[1] The defendants also move, nominally, for summary judgment on the "derivative claim for intentional infliction of emotional distress." The defendants fail, however, to offer any argument addressing Schonbachler's single claim for emotional distress in their memorandum of points and authorities filed in support of their motion. This failure constitutes a consent to the denial of their motion as to the claim for emotional distress. *See,* LR 7-2(d). As such, the court will deny the motion without prejudice as to Schonbachler's emotional distress claim.

competent evidence submitted by the parties, the Court will grant summary judgment in favor of the defendants as to Schonbachler's age discrimination claims, but will deny the motion as to his disability discrimination claims.

Motion for Summary Judgment

In considering a motion for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson,* 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the

district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

<u>Employment Discrimination Claims Against Anthony and Gary Zoss</u>

The defendants argue that, as statutory employment discrimination claims cannot be maintained against individual supervisors, summary judgment is appropriate as to Anthony and Gary Zoss. Schonbachler concedes that he cannot maintain his federal claims against Anthony and Gary Zoss, but does not address whether the Nevada statute permits an action against a supervisor. Rather, Schonbachler argues that the defendants failed to address this claim. The court disagrees. Though the defendants' argument is cursory as it concerns Schonbachler's claims under the Nevada statute, the defendants nevertheless raised the argument. Further, Schonbachler has not offered any argument or citation to law suggesting that Nev. Rev. Stat. 613.330 provides a remedy against an employer's individual supervisors. Rather, the statute itself addresses the conduct of the "employer." Accordingly, the Court will grant summary judgment in favor of Anthony and Gary Zoss as to Schonbachler's federal and state statutory claims for age and disability employment discrimination.

### Age Discrimination Claims Against Karol Western

Pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 633a *et seq.*, an employer cannot take an action against a person who is forty or older because of that individual's age. 29 U.S.C. §633a(a). "To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the "but-for" cause of the employer's adverse decision." *Gross v. FBL Financial Services, Inc.* __ U.S. __, 129 S.Ct. 2343, 2350 (2009).

Schonbachler can survive summary judgment by either offering direct evidence that age was the "but-for" cause of his discharge, or by offering circumstantial evidence under the *McDonnell Douglas* evidentiary framework. "Direct evidence, in the context of an ADEA claim, is defined as evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude . . . sufficient to permit the *fact finder* to infer that the attitude was more likely than not a motivating factor in the employer's decision." *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802 (9th Cir. 2004) (internal quotations omitted). Under the *McDonnell Douglas* framework, Schonblacher has the initial burden of establishing a prima facie claim of age discrimination. *See, Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1281 (9th Cir. 2000). The burden shifts to Karol Western to rebut by articulating a legitimate, non-discriminatory reason for its action. *Id.* If Karol Western rebuts the presumption of discrimination, the burden returns to Schonblacher to show that Karol Western's reason is mere pretext. *Id.* To establish a prima facie claim of age discrimination in the context of this case, Schonblacher must show that (1) he is a member of the protected class, (2) he was performing his job satisfactorily; (3) he was discharged; and (4) he was replaced by a substantially younger person with equal or inferior qualifications. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996); *Diaz v. Eagle Produce Ltd. Partnership*, 521 F.3d 1201 (9th Cir. 2008).

Karol Western does not dispute that Schonbachler is over forty, and thus a member of the protected class. Karol Western also does not dispute that it discharged Schonbachler. Rather, Karol Western argues that Schonbachler cannot show that he was performing his job satisfactorily or that he was replaced by a substantially younger person.

Relying upon *O'Connor*, Schonbachler asserts that a prima facie case of age discrimination does not <u>require</u> that he show that he was replaced by a substantially younger employee, but that he must only show that he lost his job because of his age. While Schonbachler may be correct in the abstract, he is incorrect in the context of this case. The fourth element of the prima facie case requires circumstantial evidence from which an inference can be drawn that he was discharged because of his age. As the Supreme Court commented in *O'Connor*, "[i]n the age-discrimination context, such an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger." *O'Conner*, 517 U.S. at 313. An inference that Karol Western discharged Schonbachler because of his age cannot be drawn from the evidence that he was replaced by two individuals older than he was. Neither can such an inference be drawn from Karol Western's failure to progressively discipline Schonbachler. Nor can such an inference be drawn from Karol Western's failure to expand its investigation of Schonbachler's conduct beyond interviews with three employees, and its acceptance of their accounts of his conduct. Such evidence is neutral as it concerns age, and thus cannot raise an inference that Karol Western acted against Schonbachler because of his age.

Schonbachler argues that Karol Western "initially attempted to replace [him] with an employee from the Los Angeles warehouse named Gabriel Alvarado." Opposition at 7, ll 7-

8. Schonbachler asserts that Alvarado was thirty-one years old.[2] Schonbachler's argument ignores his own evidence. Anthony Zoss testified, in his deposition, that Val Gonzalez first took over Schonbachler's duties "immediately following" Schonbachler's termination. Anthony Zoss Deposition, p. 97. Anthony Zoss estimated that Gonzalez was in his mid-50s. Id., p. 98. Schonbachler has not offered any evidence disputing that Gonzalez was about the same age as he was. Anthony Zoss "begged and pleaded with [Gonzalez] to move to Las Vegas and take on the role of warehouse manager." Id., at ll. 3-4. Gonzalez, however, was either unable or unwilling to permanently take over the position, and so Karol Western made the decision to place him in the position for as long as he was willing. Id. In short, Schonbachler's evidence establishes that Karol Western initially attempted to replace him with Gonzalez, a person of nearly the same age.

Alvarado was Karol Western's second attempt to fill the position. Id. At 99. Anthony Zoss further testified that, because Alvarado had never been in a managerial role and was being promoted, he was placed on a 90-day probationary period. Id. pp 100-101. Within two or three weeks, the conclusion was reached that "the job was more than [Alvarado] could handle," and he was given the opportunity to return to work in the California warehouse. Id. p. 101, l. 8.

After Alvarado, Karol Western named two existing Las Vegas employees, Norman Barrack and Dolores "Dee" Poston, as co-managers to replace Schonbachler. Defendants' Exhibit H. At that time, they were fifty-six and seventy-two years old, respectively. Defendants' Exhibits D, I.

Considered in total, Karol Western's efforts to fill Schonbachler's position after his termination precludes drawing an inference that it discharged him because of his age.

---

[2] Schonbachler does not cite to any evidence establishing Alvarado's age. In the deposition testimony of Anthony Zoss, which Schonbachler submitted, Zoss guessed that Alvarado was thirty-five.

6

Undoubtedly, at one point following Schonbachler's termination, Karol Western offered the position to Alvarado, a person substantially younger than Schonbachler. The context of that evidence, however, is that Karol Western first offered the position to someone of Schonbachler's age, but that person declined the position. As for Alvarado, he was hired on a probationary status, and he lost the position within a few weeks when Karol Western concluded that he was not qualified. The position was then offered to Barrack and Poston, both older (and one substantially older) than Schonbachler.

Schonbachler has also failed to show that, at the time of his discharge, he was performing his job satisfactorily. Karol Western has offered evidence that Schonbachler was not performing his job satisfactorily. Rather than offering evidence raising an issue of fact regarding his performance, Schonbachler asks the Court to consider that much of Karol Western's evidence is the testimony of Dee Poston, who ultimately replaced him.

Schonbachler next argues that Karol Western ignores that it first attempted to replace him with a single person, which did not work because that one person was overwhelmed, and ultimately replaced him with two managers. This, he suggests, shows that he "was the lone employee in a position that would only work if filled by" two people. While the argument might permit the inference that Schonbachler was satisfactorily performing as much of the job as one person could perform, it also establishes that Karol Western initially believed, though incorrectly, that the entire job could be performed by one person. Schonbachler cannot raise an inference of age discrimination by pointing to evidence establishing that Karol Western, while correctly concluding that he was not performing all the duties assigned to the manager, had erroneously concluded that one person could perform all of the duties assigned to the manager.

Schonbachler also notes that Karol Western did not progressively discipline him. Assuming Karol Western had a progressive discipline policy for managerial employees, the argument fails because it rests on the basis that Schonbachler's job performance, while

7

unsatisfactory, was not so deficient as to warrant immediate termination. The *McDonnell Douglas* framework places the initial burden on the plaintiff to show that he was performing his job satisfactorily. The framework does not depend upon a showing that the extent of the employee's deficient job performance was not as bad as the employer had concluded.

Finally, Schonbachler rests upon evidence that Karol Western limited its investigation of his performance to interviewing three employees, but did not review any other documents or records to corroborate the employees' allegations. The initial burden, however, is on Schonbachler to offer evidence showing (or at least raising a triable issue of fact) that he was performing his job satisfactorily. Lacking evidence that Schonbachler was performing his job satisfactorily, and having evidence that he was not performing as required, the limited nature of Karol Western's investigation does not create a triable issue of fact that he was performing his job as expected.

As Schonbachler has not offered facts raising an inference of age discrimination, Karol Western is entitled to summary judgment on age discrimination claims.

<u>Disability Discrimination Claims Against Karol Western</u>

As to his disability claim, Schonbachler's initial burden is to establish that he suffers from a disability, as that term is defined in the American's with Disabilities Act, 42 U.S.C. §12101 *et seq*. Specifically, Schonbachler must show that:

(A)  he has a physical or mental impairment that substantially limits one or more of his major life activities;

(B)  he has a record of such an impairment; or

(C)  he is regarded as having such an impairment.

42 U.S.C. §12102(2).

Pursuant to this definition, Schonbachler may not rest on unsupported assertions or allegations that he is disabled.[3] Neither can Schonbachler rest on evidence of an impairment. Rather, to maintain his claim, Schonbachler has the burden of offering evidence that he has, or has a record of, or is regarded has having, an impairment that <u>substantially limits one or more major life activities</u>. Schonbachler has done little to assist the Court in determining whether he has offered sufficient evidence raising a triable issue of fact that he has a disability under the ADA.

Schonbachler asserts that he "has described his disability in detail, as have those closest to him." Schonbachler does not offer any citation to any evidence to support his assertion that those closest to him have described his disability in detail. In support of his assertion that he has described his disability in detail, he cites only to pages 171-175 of his own deposition. In his deposition, Schonbachler testifies that Dr. Fazzini diagnosed him with "brain trauma."[4] Schonbachler Depo. p. 172, ll. 1-5. While Schonbachler testifies about details such as when he suffered his brain trauma, and when he was diagnosed as having a brain trauma, he does not testify of any details or facts indicating how, or even if, the brain trauma limited one or more major life activities. In short, Schonbachler's testimony establishes only that he has been diagnosed as suffering from a brain trauma.

Schonbachler next asserts that his "treating physicians have no problem identifying [his] cognitive and structural deficits." Schonbachler does not identify or explain to the Court the cognitive and structural deficits identified by his physicians. Rather, he cites generally (that is, without any citation to any specific statement, paragraph, or even a page)

---

[3] Schonbachler's assertion in his opposition, p. 2, l. 16, that he "was disabled" is unsupported by any citation to any evidence and does not satisfy his burden of offering evidence that he was disabled under the ADA.

[4] Schonbachler also testified that Dr. Fazzini diagnosed with "symptoms of Alzheimer's." Schonbachler then clarified that the disability underlying his present disability claim was the brain trauma.

9

to the reports of Dr. Fazzini and Louis Mortillero.  As an initial matter, the physicians' mere identification of cognitive and structural deficits does not meet Schonbachler's burden of showing a disability.  Whether a deficit is a disability under the ADA requires a showing that it substantially limits a major life activity.

Dr. Fazzini's "report" consists of twenty-eight pages that primarily include Dr. Fazzini's notes of Schonbachler's office visits, as well as Dr. Fazzini's review of his notes of Schonbachler's office visits, a 2005 letter from Dr. Fazzini to counsel's paralegal explaining his conclusion that a neuropsychological examination performed by another doctor is inconclusive, and two radiology reports performed by other doctors.  Neither radiology report, prepared in October 2002, identifies a deficit.  Dr. Fazzini's 2005 letter to counsel's paralegal appears intended to indicate why a neuropsychological examination that did not identify deficits should be considered inconclusive.  Dr. Fazzini's office notes record both Schonbachler's subjective complaints, examination findings categorized under general physical, neourological, and spinal, and Dr. Fazzini's impressions.  Beginning with the December 3, 2002, visit, Dr. Fazzini's office visit notes recite, under the caption "DISABILITY," that Schonbachler suffered a concussion and is expected to suffer significantly decreased cervical spine ranges of motion and function.  Schonbachler offers no evidence or argument that (a) he was terminated because of his decreased range of motion of his cervical spine, or (b) that the decreased range substantially limited a major life activity.  While Dr. Fazzini's "report" records Schonbachler's subjective complaints and the findings or impressions of Dr. Fazzini plausibly related to "brain trauma," Schonbachler has not identified any evidence within Dr. Fazzini's notes or letters indicating that the extent of any identified deficit related to the brain trauma substantially limits one or more major life activities.

Louis Mortillaro's report is a four-page letter to a referring physician reporting the results of a clinical interview and the administration of the Expanded Halstead-Reitan

10

1  Neuropsychological Test Battery on November 20 and 23, 2002.  Once again,
2  Schonbachler has not pointed to any specific part of the letter upon which he relies for his
3  argument that he is disabled under the ADA.  The court would note that, while Mortillaro
4  concludes on the fourth page of the letter that "[t]he objective and subjective
5  neuropsychological data, in combination, do suggest the presence of mild to moderate
6  measured neoropsychological deficits," his letter does not indicate that the degree of the
7  deficits suggested by the data is such that they would substantially limit one or more major
8  life activities.  The documents from Dr. Fazzini and Mortillaro's letter permit nothing more
9  than speculation whether the extent of Schonbachler's deficits substantially impair a major
10 life function.

11       Schonbachler does not cite to any other evidence raising an inference that his
12 impairments substantially limit him in one or more major life activities.

13       Schonbachler also argues that his "disability was a significant factor in his
14 termination."  In support of this statement, he cites to pages 62-64 of the deposition
15 testimony of Cheryl Mills.  Mills testified that Gary Zoss told her: "We're firing Richard
16 because of his disability," "that they were letting Richard go due to his disability," and that
17 Zoss "would write a letter stating that [Schonbachler] was terminated because of his
18 disability," and that "[w]e're terminating him because he's disabled and cannot do the job."

19       Whether Mills' testimony raises a triable issue of fact whether Karol Western
20 regarded Schonbachler as having an impairment that substantially limited a major life
21 activity presents a close question.  The Court assumes, as it must, that Gary Zoss made
22 the statements asserted by Mills in her deposition.  Schonbachler fails, however, to offer
23 any further evidence providing context that would indicate that Gary Zoss's assertion that
24 Schonbachler was disabled indicates that Zoss regarded Schonbachler as having an
25 impairment that substantially limited a major life activity.  Nevertheless, the Court
26 concludes that Mills' testimony is sufficient to raise a triable issue of fact whether Karol

Western regarded Schonbachler as having an impairment that substantially limited a major life activity.

Therefore, for good cause shown,

THE COURT **ORDERS** that defendants' Motion for Summary Judgment (#69) is GRANTED as to plaintiff's federal and state age discrimination claims, and is DENIED as to the plaintiff's remaining claims.

DATED this ____3____ day of September, 2010.

_____
Lloyd D. George
United States District Judge