# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RICHARD SCHONBACHLER,

                Plaintiff,

vs.

KAROL WESTERN CORPORATION, et.al.

                Defendants.

Case No. 2:08-cv-01157-LDG-GWF

**FINDINGS & RECOMMENDATIONS**

This matter is before the Court on Defendant Karol Western Corporation's Motion to Hold Plaintiff in Contempt, Strike Complaint and Dismiss This Action (#98, #99 and #100)[1], filed on October 6, 2010; Plaintiff's Opposition to Karol Western Corporation's Motion (#103), filed on October 25, 2010; and Defendant's Reply in Support of Karol Western Corporation's Motion (#104), filed on November 4, 2010.  The Court conducted a hearing in this matter on November 8, 2010.

## BACKGROUND

Plaintiff Richard Schonbachler filed this action on September 2, 2008.  Plaintiff alleges that he was fired from his position as Defendant Karol Western Corporation's Las Vegas warehouse manager on September 27, 2006 in violation of the Americans with Disabilities Act ("ADA") and Age Discrimination in Employment Act ("ADEA"). *Complaint (#1)*.  On September 7, 2010, the District Court granted partial summary judgment to Defendants, dismissing Plaintiff's claims against the individual defendants and his ADEA claim.  The Court denied summary judgment on the Plaintiff's ADA claim on the ground that there is a genuine issue of material fact whether Defendant regarded

---

[1] Defendant's motion has been docketed as three separate motions based on its title.  The motion can properly be characterized as a motion for dispositive sanctions based on the Plaintiff's failure to pay an award of attorney's fees and costs previously imposed by the Court.

Plaintiff as disabled. This holding was based on the testimony of Plaintiff's friend and business associate Cheryl Mills that Defendant's officer Gary Zoss told her that Plaintiff was fired because of his disability. *Order (#96)*, pp. 11-12.

The instant Motion (#98, #99 #100) arises out of Defendant's motion to compel (#62) filed on December 21, 2009. That motion concerned Defendant's attempt to take the deposition of the custodian of records of Richard Schonbachler & Associates which was a fictitious entity under which Plaintiff and others, including Cheryl Mills, provided commissioned sales services for novelty item distributors in the Las Vegas market after Plaintiff was terminated by Defendant. The purpose of the deposition was to obtain records regarding the income that Plaintiff earned which would potentially offset his claim for back pay. There was no reasonable dispute that Plaintiff controlled Richard Schonbachler & Associates and had the possession, custody or control of its business records. Neither Plaintiff nor any custodian of "Richard Schonbachler & Associates" appeared for the deposition noticed by Defendant or produced records in response to the subpoena, except for a 2008 IRS 1099 form that listed Richard Schonbachler as the "payer" of income to another individual. Despite Defendant's efforts to reschedule the deposition and resolve any legitimate objections that Plaintiff may have had to the deposition or subpoena, Plaintiff refused to appear or produce records. Accordingly, on January 22, 2010, the Court granted Defendant's motion to compel and ordered Plaintiff or the custodian of records for Schonbachler & Associates to appear for deposition and produce all documents responsive to the subpoena. *Minutes of Proceedings (#71)*. Because Plaintiff's failure to appear for the deposition or to comply with the subpoena was not substantially justified, the Court held that Defendant was entitled to an award of attorney's fees pursuant to Fed.R.Civ.Pro. 37(a)(5)(A).

Defendant filed its application (#70) for attorney's fees on January 25, 2010. Plaintiff opposed the application on the grounds that the requested attorney's fees were excessive. Plaintiff made no argument that he was unable to pay an award of fees in the amount requested by the Defendant. On May 13, 2010, the Court awarded fees to Defendant in the amount of $6,232.00 and ordered the Plaintiff to pay them by May 28, 2010. *Order (#83)*. On June 1, 2010, the Plaintiff filed a motion for relief from the Court's order. *Motion (#84)*. Plaintiff first argued that the fee award should only apply

against Richard Schonbachler & Associates and not against Plaintiff, individually. The Court denied this request because Richard Schonbachler & Associates is only a fictitious name under which Plaintiff conducted business. Plaintiff was clearly responsible for the failure to appear for the deposition or produce records in response to the subpoena.

Plaintiff also argued for the first time that he was financially unable to pay the award of attorney's fees. Plaintiff stated that his only income is $1,727 per month in Social Security Disability benefits and he has very little money left over after paying his monthly living expenses, including rent, utilities, food, fuel, insurance, medical bills and prescriptions. In its opposition, however, Defendant cited the September 2009 deposition testimony of Cheryl Mills that Plaintiff resided rent free in her home and that she paid his other living expenses. Defendant also argued that Plaintiff received an arbitration award of $120,347.13 within the preceding four years and had not accounted for the disposition of those proceeds to demonstrate that he did not have the ability to pay the attorney's fee award in this case. *See Defendant's Opposition (#86)*, pp. 5-7. Plaintiff did not file a reply to Defendant's opposition. At the hearing on July 8, 2010, the Court denied Plaintiff's motion for relief from the attorney's fee award. Plaintiff's counsel requested that Plaintiff be given six months in which to pay the attorney's fee award. Pursuant to this request, the Court ordered Plaintiff to make $1,000.00 monthly payments on the award with the first payment due on July 15, 2010 and on condition that Plaintiff also submit a sworn affidavit on or before July 15, 2010 outlining his financial resources and assets. *See Minutes of Proceedings (#87)*.

Plaintiff filed an affidavit on July 15, 2010 in which he stated that he was not able to pay $1,000.00 per month. He stated that other than funds in a retirement account which he cannot access without substantial penalty, his only liquid assets were $119.14 in a credit union account and the $1,727 per month he receives in Social Security Disability benefits. He stated that from these benefits, he pays $500 in rent, $300 toward utilities, $400 for food and $300 for his medications. These representations again conflicted with the September 29, 2009 deposition testimony of Cheryl Mills and also with that of witness Arthuris Turner who testified that he also resided with Ms. Mills, and that neither he nor Plaintiff paid rent to Ms. Mills--although Plaintiff may have made some contribution to rent. *Defendant's Reply (#104), Exhibits "I" and "J."*

On July 20, 2010, Defendant filed its first motion for an order holding Plaintiff in contempt (#89), based on Plaintiff's failure to pay the attorney's fee award. Defendant noted that following the Court's July 8, 2010 order, Plaintiff made only one payment of $50.00. The Court conducted a hearing on Defendant's motion on September 10, 2010. The Court concluded that Plaintiff should be given a final opportunity to demonstrate by credible evidence that he is financially unable to pay the attorney's fee award and that if Plaintiff made such a demonstration, the Court would consider reducing or eliminating the award. The Court authorized the Defendant to conduct further discovery in this regard and advised Plaintiff's counsel to encourage both Plaintiff and non-party Cheryl Mills to cooperate in responding to Defendant's discovery requests.

The only documents that Plaintiff produced in response to the subsequent discovery served by Defendant were a series of pre-typed receipts stating that Plaintiff paid Ms. Mills $1,500.00 in cash each month from October 5, 2008 to September 6, 2010. *See Defendant's Reply in Support of Motion to Hold Plaintiff in Contemp (#104), Exhibit "F."* No other verification was provided for these receipts such as Ms. Mills' bank account statements showing that she actually received such payments from Plaintiff. Besides the general unreliability of these purported cash receipts, Plaintiff offered nothing to explain the conflict between receipts dating back to October 2008 and Ms. Mills' September 2009 testimony that Plaintiff resided rent free in her residence and did not have to pay other living expenses besides food.

## DISCUSSION

The Court reiterates that its previous order granting an award of attorney's fees to Defendant pursuant to Fed.R.Civ.Pro. 37(a)(5) was appropriate. Although the deposition notice and subpoena were directed to "Richard Schonbachler & Associates," this was not a distinct legal entity separate and apart from Mr. Schonbachler. Plaintiff was therefore responsible for responding to the deposition notice and subpoena. Rule 37(a)(5) states that if a motion to compel discovery is granted, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. The court may not require payment, however, if the opposing party's response or objection was substantially justified or other circumstances make an award of expenses unjust. In *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982), the Ninth Circuit defined "substantially justified" to mean

whether reasonable people could differ as to whether the party requested must comply. *See also Bilyeu v. City of Portland*, 2008 WL 4912048 (D.Or. 2008) *4. In this case, Plaintiff failed to provide any reasonable basis for not appearing for the deposition or complying with the subpoena.

An award of expenses under Rule 37(a)(5) has both a compensatory and deterrent component. It compensates the prevailing party for the expenses it was forced to incur and deters the loser from engaging in similar conduct. A party's financial inability to pay an award of attorney's fees is a factor that the court may consider in deciding whether to make an award of expenses under Rule 37(a)(5). *Gordon v. New England Tractor Trailer Training School*, 168 F.R.D. 178, 180-181 (D.Md. 1996). Some decisions indicate, however, that the court is not required to consider the party's financial ability to pay. *Roth v. Green*, 2007 WL 3845422 (D.Colo. 2008) *3, citing *Laye v. American Drug Stores, Inc.*, 29 Fed.Appx. 391, 394 (7th Cir. 2002).

In this case, Plaintiff did not raise an issue regarding his alleged inability to pay an award of attorney's fees until after the Court granted Defendant's application for fees on May 13, 2010. Notwithstanding Plaintiff's failure to timely raise the issue, the Court modified the fee award on July 8, 2010 to give Plaintiff additional time to pay the award. Despite the Plaintiff's failure to make any significant payment on the award, the Court again gave Plaintiff the opportunity to provide credible evidence that he is, in fact, unable to pay the award. The only evidence that Plaintiff thereafter submitted were the questionable cash receipts from Ms. Mills. Not only are these receipts questionable on their face, Plaintiff offered nothing to explain the clear conflict between these monthly receipts and Ms. Mills' September 2009 deposition testimony that Plaintiff lived rent free in her residence and that she pays his other expenses. Plaintiff has, therefore failed to demonstrate that he is in fact financially unable to pay the attorney's fees award pursuant to the scheduled imposed by the Court on July 8, 2010.

Defendant moves for an order striking Plaintiff's complaint and dismissing this action pursuant to Rules 37(b)(2)(A)(5) and 41(b) of the Federal Rules of Civil Procedure. The sanction of dismissal for failure to comply with a discovery order is a harsh penalty and should only be employed if the losing party's violation is willful, in bad faith or at fault. Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault. Dismissal is only warranted if less severe sanctions are unavailable or inadequate to obtain compliance with the

order, and the moving party will suffer prejudice. Prejudice exists if the offending party's violation impairs the movant's ability to go to trial or threatens the rightful decision of the case. *Henry v. Gill Industries,* 983 F.2d 943, 948 (9th Cir. 1993); *Anheuser-Busch, Inc. v. Natural Beverage Distributors, Inc.*, 69 F.3d 337, 348 (9th Cir. 1995); *Valley Engineers Inc. v. Electric Engineering Company*, 158 F.3d 1051, 1057-58 (9th Cir. 1998).

The Court has heretofore been reluctant to recommend the severe sanction of dismissal because there is no evidence that Plaintiff failed to comply with the Court's January 22, 2010 order that he appear for the deposition and comply with the subpoena duces tecum. Nor is there evidence that Plaintiff has engaged in other discovery misconduct that has impaired Defendant's ability to obtain relevant evidence or information necessary to a fair trial.[2] The Court, however, must be able to enforce its sanction orders. Defendant is also entitled to payment of the award unless the Court determines that it should be modified based on Plaintiff's financial inability to pay. The Court gave Plaintiff additional opportunity to show that he is unable to pay the award. Instead of so doing, Plaintiff produced dubious cash receipts from Ms. Mills which appear to be intended to mislead the Defendant and the Court about his actual living expenses and, therefore, his ability to pay the award. Accordingly, the Court finds that Plaintiff's failure to pay the award of attorney's fees pursuant to order (#83), as modified by the payment schedule imposed on July 28, 2010, has been willful and in bad faith. Under these circumstances, dismissal of Plaintiff's action is an appropriate sanction for failure to pay the monetary sanction. *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36-37 (1st Cir. 1991).

Defendant also requests that Plaintiff be held in contempt for violating the Court's orders regarding payment of the attorney's fee award. Fed.R.Civ.Pro. 37(b)(2) (D) provides that the Court may treat as a contempt of court the failure to obey any discovery orders, except an order to submit to a physical or mental examination.[3] Pursuant to 28 U.S.C. § 636(e)(6), a magistrate judge is required to

---

[2] As set forth above, Plaintiff has failed to provide discovery relevant to the issue of whether he is financially able to pay the attorney's fee award. That discovery, however, is not needed by Defendant for purposes of defending against Plaintiff's ADA claim.

[3] Fed.R.Civ.Pro. 70(a) and (e), which authorize holding a party in contempt for failure to comply with a judgment, is not inapplicable in this case.

refer contempt charges to the District Court and is required to certify the facts to a district judge and may serve or cause to be served on the party subject to contempt an order requiring such person to appear before the district judge on a date certain to show cause why that person should not be adjudged by reason of the facts so certified.  Rather, than refer this matter to the District Court for order to show cause whether Plaintiff should be held in contempt, the Court concludes that it is more appropriate to recommend that Plaintiff's complaint be stricken and this action be dismissed, with prejudice, as a sanction for Plaintiff's failure to pay the attorney's fees awarded to Defendant unless Plaintiff pays the balance of the award by a date certain.  Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant Karol Western Corporation's Motion to Hold Plaintiff in Contempt, Strike Complaint and Dismiss This Action (#98, #99 and #100) be **granted** as follows: That Plaintiff's complaint be stricken and that this action be dismissed, with prejudice, unless Plaintiff pays the balance of the attorney's fees previously awarded to Defendant in the amount of $6,182.00 on or before December 3, 2010.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 12th day of November, 2010.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE