# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD SCHONBACHLER, | |
| Plaintiff, | Case No. 2:08-cv-1157-LDG (GWF) |
| v. | **ORDER** |
| KAROL WESTERN CORPORATION, *et al.*, | |
| Defendants. | |

Defendants Karol Western Corporation, Gary Zoss, and Anthony Zoss move for attorney's fees (#113).[1] Plaintiff Richard Schonbachler opposes the motion (#114). The Court will grant the motion in part.

Schonbachler asserts, in his opposition, that the defendants are in a position to move for attorney's fees only because he was unable to pay an attorney sanction. The assertion misrepresents the record. As detailed in the Magistrate Judge's November 12, 2010, Findings and Recommendation, Schonbachler was provided several opportunities to demonstrate by credible evidence that he was financially unable to pay an award of

---

[1] The Clerk of the Court has separately taxed costs in the amount of $11,960.92.

attorney's fees imposed because of his failure to appear for a deposition and produce all documents responsive to a subpoena. Schonbachler has consistently failed to offer any credible evidence that he was or is unable to pay.[2] The appropriate and correct conclusion to be drawn from the record is that the Court dismissed Schonbachler's complaint because he elected to not pay the attorney's fees awarded by the Magistrate Judge.

Schonbachler asserts that an imposition of attorney's fees following the dismissal of his complaint for his decision to not pay the attorney's fees heaps sanction upon sanction. The dismissal of the complaint arose from the Schonbachler's decision to not pay an award of attorney's fees. The present motion for attorney's fees arises from Schonbachler's conduct of the litigation.

Schonbachler argues that Federal Rule of Civil Procedure 68 does not authorize an award of attorney's fees. The Court agrees, and will not impose attorney's fees pursuant to Rule 68.

Schonbachler argues that the requested amount of attorney's fees, if not denied in its entirety, should be reduced drastically as excessive and far beyond reasonable. Schonbachler fails to offer either argument or evidence suggesting that the requested hourly rates of defendant's counsel are unreasonable. Schonbachler does not identify any specific aspect of the attorney's fees incurred to defend his complaint that were not warranted.

Schonbachler argues that the defendants did not win anything on the merits. Schonbachler ignores that this Court dismissed his age and disability discrimination against Anthony and Gary Zoss on the merits. He further ignores that the Court dismissed his age discrimination claims against Karol Western on the merits.

---

[2] Schonbalcher's failure to provide credible evidence extends to his present opposition. Though he references his own affidavit, and asserts that it is attached to his opposition, no such affidavit was submitted to the Court.

2

The Court is cognizant that, based solely upon the deposition testimony of Cheryl Mills, the Court did not grant summary judgment in favor of the defendants on his disability claim.

Though Schonbachler complains of the amount of the requested attorney's fees, the record also establishes that Schonbachler's decision to not pay the discovery sanction imposed by the Magistrate Judge is consistent with a shift in the conduct of the litigation to one of needlessly increasing the defendants' cost of litigation.  On November 8, 2010, the Magistrate Judge held a hearing to provide Schonbachler a final opportunity to provide competent evidence that he was unable to pay.  During that hearing, the Magistrate Judge generally indicated that he would be finding that Schonbachler should pay the sanction in full, and would recommend dismissal for a failure to pay by a certain deadline.  On November 12, 2010, the Magistrate Judge issued his findings and recommendations consistent with his representations during the hearing.  The Magistrate Judge found, among other things, that the only documents produced by Schonbachler to show an inability to pay were pre-typed receipts purporting to show that he had paid Cheryl Mills $1,500 in cash each month from October 2008 through September 2010.[3]  Schonbachler provided no verification that Mills had received these payments.  Further, as noted by the Magistrate Judge, Schonbachler failed to offer anything to explain the plain and obvious conflict between the purported receipts and Mills' deposition testimony that Schonbachler resided rent free in her residence.  On that same date (though prior to the Magistrate Judge issuing his Findings and Recommendation), Schonbachler offered to settle the litigation for $60,000.  In so doing, he noted that defendants were businessmen who would

---

[3] In earlier proceedings on the issue of Schonbachler's ability to pay the sanction, he submitted an affidavit asserting that he paid $500 in rent, $300 toward utilities, and $400 for food.  (He also asserted that he paid $300 for medications, but that amount would not have been paid to Mills.)  This affidavit also conflicted directly with Mills' deposition testimony that Schonbachler did not pay rent.

recognize that a jury trial would cost substantial additional amounts in attorney's fees and costs, while in contrast Schonbachler "is essentially judgment proof as to any costs or fees that may be awarded."  As early as June 2009, in response to defendants' settlement offer, Schonbachler asserted that he had no risk in this case as he was "uncollectable."

A review of the docket, and of the invoices of counsel for defendants, indicates that this matter was generally litigated on the merits through the end of depositions in September 2009.  Prior to that time, some effort was required by defendants to obtain supplemental responses to discovery from Schonbachler.  Subsequent to that time, however, the defendants were required to bring motions to compel to obtain Schonbachler's compliance with his discovery obligations, particularly as they concerned Schonbachler's finances and financial status.  Initially, the defendants were required to obtain an order of the court compelling Schonbachler to produce certain financial documents.  Shortly thereafter, the defendants were required to obtain an order of the court compelling the deposition of the custodian of records for Schonbachler and Associates.[4]  The deposition had been scheduled for November 24, 2009.  Subsequently, a substantial amount of the remaining litigation in this matter focused primarily on Schonbachler's efforts to avoid paying the defendants' attorney's fees incurred due to the necessity of bringing a motion to compel the deposition of the custodian of records for Schonbachler and Associates.

The Court would note that defendants' motion for summary judgment was not brought until January 2010.  While the defendants established that Schonbachler's claims were without merit, the Court cannot conclude that the dismissed claims were frivolous.  Though little evidence was produced by Schonbachler in favor of the sole surviving claim, the Court cannot on this record find that Schonbachler's disability claim was frivolous.

---

[4] As found by the Magistrate Judge, Schonbachler and Associates was not a distinct legal entity separate and apart from Schonbachler.

4

Nevertheless, the record before the Court amply demonstrates that Schonbachler has caused defendants to needlessly expend attorney's fees in their effort to obtain his financial information, which he had a duty to disclose.  That waste was compounded upon Schonbachler's assertions of an inability to pay the discovery sanction, his failure to provide competent evidence of that inability to pay, and his production of documents lacking credibility, which documents conflict with prior evidence regarding his financial status.

Accordingly, the Court will award attorney's fees to the defendants for those fees incurred in the effort to compel Schonbachler's compliance with his discovery obligations regarding his finances and financial status, as well as the efforts to compel Schonbachler's compliance with the Magistrate Judge's May 13, 2010, order granting attorney's fees. Such fees will necessarily include those incurred in an effort to obtain financial documents from Schonbachler and Mills relevant to Schonbachler's assertions of an inability to pay.

THEREFORE,

THE COURT **ORDERS** that Defendants' Motion for Attorney's Fees is GRANTED as follows: Plaintiff Richard Schonbachler shall pay to Defendants their attorney's fees incurred in the effort to compel Richard Schonbachler's compliance with his discovery obligations regarding his finances and financial status, as well as efforts to compel Richard Schonbachler's compliance with the May 13, 2010, Order granting attorney's fees, including attorney's fees incurred in response to Richard Schonbachler's efforts to avoid payment of the attorney's fees ordered on May 13, 2010.  As Defendants have not separately identified the amount of fees so incurred, the Defendants shall supplement their

1  motion for attorney's fees with a redacted copy of billing records separately identifying the
2  relevant attorney's fees.

4  DATED this __19__ day of May, 2011.

                                                                              _____
                                                                              Lloyd D. George
                                                                              United States District Judge

6